UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

**JEREMY L. LEWIS,**

       **Plaintiff,**

v.                                                                   **CIVIL ACTION 5:14-cv-26729**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

       **Defendant.**

## MEMORANDUM OPINION

Pending before this Court is Plaintiff's Brief in Support of Complaint and Motion for Remand (ECF No. 10) and Defendant's Brief in Support of Defendant's Decision (ECF No. 13).

Background

Jeremy L. Lewis, Claimant, filed an application for supplemental security income (SSI) under Title XVI of the Social Security Act alleging disability beginning November 11, 2011. The claim was denied initially on November 21, 2011, and upon consideration on January 20, 2012. Claimant filed a written request for a hearing before an Administrative Law Judge (ALJ). On April 24, 2013, a video hearing was held before an ALJ. Claimant appeared in Beckley, West Virginia, and the ALJ presided over the hearing from Roanoke, Virginia. On May 30, 2013, the ALJ denied Claimant's application (Tr. at 22). On July 24, 2013, Claimant requested a review of the ALJ's decision by the Appeals Council (AC) (Tr. at 6-8). On August 11, 2014, the AC denied Claimant's request for review (Tr. at 1-5). On October 9, 2014, Claimant filed a civil action complaint with this Court (ECF No. 2). On October 9, 2014, the parties consented to the undersigned United States Magistrate Judge ordering the entry of final judgement (ECF Nos. 6 and 7).

Claimant's Challenges to the Commissioner's Decision

Claimant argues that the ALJ's findings are not consistent with the Dictionary of Occupational Titles (DOT). Claimant argues that the ALJ cited jobs in the decision that are inconsistent with the limitations found by the same ALJ in the letter dated May 30, 2013, regarding "Notice of Decision – Unfavorable." This letter included enclosures of the ALJ's decision and an exhibit list (Tr. at 9-11). Claimant asserts that the jobs provided by the vocational expert (VE) at the hearing conflict with Claimant's limitations (ECF No. 10). Also, Claimant avers that the ALJ failed to give his treating psychiatrist proper weight.

Defendant asserts that Claimant has failed to meet his burden of establishing disability pursuant to the Social Security Act (ECF No. 13). Defendant asserts that no conflict exists between the VE's testimony and the job descriptions contained in the Dictionary of Occupational Titles, thus, Defendant satisfied its burden of demonstrating that Claimant can perform a significant number of jobs in the national economy. Also, Defendant asserts that the ALJ correctly determined that Claimant's treating psychiatrist's opinion merited little weight under the regulations.

Standard of Review

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2014). If an individual is found "not disabled" at any step, further inquiry is unnecessary. *Id.* § 404.1520(a), 416.920(a). The first inquiry under

the sequence is whether a claimant is currently engaged in substantial gainful employment. *Id.* § 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. *Id.* § 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* § 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. *Id.* If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. *Id.* § 404.1520(e), 416.920€. By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. *Hall v. Harris,* 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f), 416.920(f) (2014). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in substantial gainful activity since the application date of July 21, 2011 (Tr. at 15). Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of bipolar disorder, right knee tendinitis and left knee joint effusion. (*Id.*) At the third inquiry, the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or medically equaled the level of severity of any listing in Appendix 1. The ALJ then found that

Claimant has a residual functional capacity to perform medium and light work[1] (Tr. at 17). The ALJ concluded that Claimant could not perform his past relevant work (Tr. at 20). The ALJ held that "Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills."  The ALJ found that "Considering the claimant's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform" (Tr. at 21). On this basis, benefits were denied (Tr. at 22).

## Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In *Blalock v. Richardson*, substantial evidence was defined as:

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize

---

[1] The ALJ found that Claimant is able to frequently lift and carry 25 pounds, occasionally lift and carry 50 pounds, and sit, stand or walk for 6 hours in an 8-hour period. However, due to knee impairments, Claimant is limited to no more than occasional kneeling. Limitations imposed by the psychological disorder further restrict Claimant to jobs that do not require following more than simple instructions, do not require reading or writing more than short, simple words and do not require interaction with the public or more than brief, superficial interaction with supervisors or co-workers (Tr. at 17).

the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner in this case is supported by substantial evidence.

### Claimant's Background

Claimant was born on May 25, 1976. At the time of the hearing on April 24, 2013, before the Administrative Law Judge (ALJ), he was thirty-six years of age. He last passed the sixth or eighth[2] grade (Tr. at 29). He is divorced and lives alone.

### Medical Record

The Court has reviewed all evidence of record, including the medical evidence of record, and will discuss it further below as necessary.

### Discussion

Claimant's argument that the ALJ cited jobs in the decision that are inconsistent with the limitations found by the same ALJ in the letter dated May 30, 2013, titled "Notice of Decision – Unfavorable," is not explained. This letter informs claimants of their right to request review of the decision by the Appeals Council and includes attached copies of the ALJ's decision and an exhibit list (Tr. at 9-11). Claimant does not divulge to what language in the Notice of Decision letter he claims to be inconsistent with the decision by the ALJ. Therefore, Claimant has failed to meet his burden to demonstrate that the ALJ's decision is not supported by substantial evidence.

Claimant states that his limitations prevent him from performing the jobs provided by the VE at the hearing. Claimant asserts the following in support of his position:

> The jobs listed [by the VE] were: furniture cleaner, DICOT number

---

[2] Claimant's Disability Report submitted with his application for benefits indicates that Claimant last attended school in the eighth grade (Tr. at 180-188). At the hearing, Claimant testified to last attending the sixth grade (Tr. at 29).

> 709.587-014; laundry worker, DICOT number 361.684-014; and a farm worker, vegetable II, DICOT number 402.587-010. If one looks at them in reverse order, the farmworker, DICOT number 402.681-010, is conflicted out due to the fact that the bending, kneeling and stooping are more than occasional, which is in conflict with listing number 4, which states that, "Upon consideration of the entire record, the undersigned finds that the claimant has a residual functional capacity to perform medium work (and by inclusion light work) as defined in 20 C.F.R. 416.97(c). Specifically the claimant is able to frequently lift and carry twenty-five pounds, occasionally lift and carry fifty pounds, and sit, stand or walk, six hours in an eight hour period. However, due to a knee impairment, the claimant is limited to no more than occasional kneeling, limitations further imposed by the psychological disorder further limit the plaintiff to do jobs that do not require more than simple instructions, do not require reading or writing more than short, simple words, and do not require interaction with the public, nor more than brief, occasional interaction with supervisors/co-workers." Therefore, more than the occasional kneeling would limit such work found as the farm worker and this can be echoed in such cases as *Bosquez v. Colvin*, (C.D.Cal. 2013).
>
> As for the remaining two jobs, that of laundry worker, DICOT number 361.684-014 and furniture cleaner, DICOT number 709.687-014, the claimant, by counsel, would turn their attention to the presiding administrative law judge's decision that work around other people, whether that be employees or supervisors would be brief at best. Therefore, the claimant, by counsel, would first argue as stated in the laundry worker section, said information would have to deal with as it says "employees with these linens" and pursuant to furniture cleaner, it would be argued that due to the chemical baths and removing dust, rust, and other scratches from the metal surfaces, some interactions with supervisors must be warranted. One could also say that after looking at the case law in this area, some cases suggest that brief interactions with the public are not described or dealt with by the DICOT so, it could be said that said limitation is a limitation without reference or meaning. So therefore, without further description of limitations, said limitation is meaningless. On that ground, these two possible jobs are also excluded because the DICOT does not deal with said limitation. (ECF No. 10).

At the hearing, the ALJ asked the VE whether jobs existed for a hypothetical individual in age of mid to late thirties; with a sixth to eighth grade education; with work history as described

6

by Claimant; capable of medium or lesser exertional activity in terms of lifting, carrying, sitting, standing and walking; limited to occasional kneeling; capable of understanding, remembering and carrying out simple instructions throughout an eight-hour day with normal breaks; did not engage in public interaction and limited interaction with others to brief and superficial; and limited reading and writing requirements to "nothing more than small, short words" (Tr. at 47-48). The VE testified to medium, unskilled jobs, as well as light, unskilled jobs, that the individual could perform (Tr. at 48-49).

While questions posed to the vocational expert must fairly set out all of claimant's impairments, the questions need only reflect those impairments that are supported by the record. *See Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Additionally, the hypothetical question may omit non-severe impairments, but must include those which the ALJ finds to be severe. *Benenate v. Schweiker*, 719 F.2d 291, 292 (8th Cir. 1983).

The Fourth Circuit has held, "We recognize that not every nonexertional limitation or malady rises to the level of a nonexertional impairment, so as to preclude reliance on the grids." *Grant v. Schweiker*, 699 F.2d 189 (4th Cir. 1983). The proper inquiry under *Grant* is whether the nonexertional condition affects an individual's residual functional capacity to perform work of which he is exertionally capable.

In the present case, the ALJ found that Claimant's impairments do not meet or medically equal one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Substantial evidence supports the determination of the ALJ. The ALJ's decision reflects an adequate consideration of his impairments. The ALJ appropriately weighed the psychological and medical opinions and the evidence of record in its entirety and appropriately relied on the evidence as a whole to determine that Claimant is able to perform jobs in existence in the nation and region.

The ALJ stated that "Based on the testimony of the vocational expert, the undersigned concludes that, considering the claimant's age, education, work experience and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy" (Tr. at 21). The ALJ held that Claimant's ability to perform all or substantially all of the requirements of [medium] level of work has been impeded by additional limitations. To determine the extent to which these limitations erode the unskilled medium occupational base, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with Claimant's age, education, work experience and residual functional capacity. The vocational expert testified that given all of these factors that individual would be able to perform the requirements of representative occupations in the medium and light positions.

Claimant's argument regarding inconsistencies between the jobs provided by the VE testimony and the job descriptions in the DOT is unsupported. The ALJ states that he "determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles" (Tr. at 21). Accordingly, Defendant has met its burden of proof at step five of a Claimant's evaluation in providing jobs that Claimant can still perform that exists in significant numbers in the national economy.

Lastly, Claimant's argument that the ALJ failed to give proper weight to the opinion of his treating psychiatrist fails to demonstrate that the treating psychiatrist's opinion is supported by clinical and laboratory diagnosis techniques and is not inconsistent with substantial evidence. The opinion of a treating physician must be weighed against the record as a whole when determining eligibility for benefits. 20 C.F.R. § 416.927(d)(2) (2014). Ultimately, it is the responsibility of the Commissioner, not the court to review the case, make findings of fact, and resolve conflicts of

evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). As noted above, however, the court must not abdicate its duty to scrutinize the record as a whole to determine whether the Commissioner's conclusions are rational. *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1994). If the ALJ determines that a treating physician's opinion should not be afforded controlling weight, the ALJ must then analyze and weigh all the evidence of record, taking into account the factors listed in 20 C.F.R. §§ 404.1527 and 416.927(d)(2)-(6). These factors include: (1) Length of the treatment relationship and frequency of evaluation, (2) Nature and extent of the treatment relationship, (3) Supportability, (4) Consistency, (5) Specialization, and (6) various other factors. Additionally, the regulations state that the Commissioner "will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." *Id.* § 416.927(d)(2).

The ALJ is not required in all cases to give the treating physician's opinion greater weight than other evidence in determining whether a claimant is disabled under the Act. *Johnson v. Barnhart*, 434 F.3d 650, n. 5 (4th Cir. 2005). The ALJ retains the duty to analyze treating source opinions and judge whether they are well-supported by medically acceptable evidence and consistent with other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2) and 416.927. If a medical opinion is not supported by relevant evidence or it is inconsistent with the record as a whole, it will be accorded significantly less weight. *See* 20 C.F.R. §§ 404.1527 (c)(3), (4) and 416.927; *Craig*, 76 F.3d at 590 ("[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight.").

Moreover, a treating physician's opinion can never bind the ALJ on issues reserved to the ALJ, such as a claimant's RFC or whether a claimant is able to work. These decisions are solely

the responsibility of the ALJ because they are administrative findings that are dispositive of a case; they are not medical issues. *See* 20 C.F.R. §§ 404.1527(d)(1)-(3) and 416.927; Social Security Ruling (SSR) 96-5p, 1996 WL 374183 at *2 (S.S.A.). The ALJ in the present matter found that Claimant's mental health symptoms were managed conservatively and that he took medications and attended routine medication management visits on a monthly basis (Tr. at 254-280).

The ALJ in the present matter explained the weight given to Claimant's treating psychiatrist as follows:

> Claimant has been diagnosed with bipolar disorder, but records from the treating psychiatrist show the condition is relatively well-controlled when claimant takes medication as prescribed. Notably, progress notes also document claimant's repeated acknowledgement that he is "doing well" while on medication. There is no evidence that the condition has ever caused an extended episode of decompensation or that it causes any restriction in activities of daily living. Although affective disorder can reasonably be expected to cause some difficulties in maintaining evidence of record to support a conclusion that limitations in those areas are more than moderate in severity. Thus, after consideration of all evidence of record, and in the absence of a more restrictive medical assessment by a treating or examining physician or mental health professional, the undersigned finds that limitations imposed by affective disorder further restrict claimant to jobs that do not require following more than simple instructions, do not require reading more than short words, and do not require interaction with the public or more than brief interaction with supervisors or co-workers. In reaching this conclusion, the undersigned notes that this rather restricted functional capacity accounts for claimant's allegation of limited capacity for reading and manifestations of hostility and irritability. (Tr. at 20).

After careful consideration of the evidence of record, this Court finds that the Commissioner's decision is supported by substantial evidence. The ALJ properly weighed the medical opinions on the record and limited the representative occupations Claimant could perform based on his age, work experience and residual functional capacity including his additional limitations.

Accordingly, by Judgment Order entered this day, Plaintiff's Brief in Support of Complaint and Motion for Remand (ECF No. 10) is **DENIED**, Defendant's Brief in Support of Defendant's Decision (ECF No. 13) is **GRANTED**, the final decision of the Commissioner is **AFFIRMED** and this matter is **DISMISSED** from the docket of this Court.

The Clerk of this Court is directed to provide copies of this Order to all counsel of record.

Date:   March 31, 2016.

_____
Dwane L. Tinsley
United States Magistrate Judge